■ In the Matter of HERMAN KAPLAN et al. Respondents, against ROBERT C. WEAVER, as State Rent Administrator, Appellant, and LANAC ASSOCIATES, INC., Intervenor-Appellant.— Order reversed on the law and the cross motion of the respondent-appellant to dismiss the proceeding as premature is granted, without costs. When the order of Special Term remanded the proceedings to the State Rent Commission for further investigation and consideration, the commission had 90 days within which to act. Nevertheless, the stay granted in the Appellate Division had the effect of modifying that remand for the limited purpose of postponing its effectiveness. However, the statute providing for the 90 days (State Residental Rent Law, § 8, subd. 4; L. 1946, ch. 274, as last amd. by L. 1957, ch. 755) is not a Statute of Limitations but a directory provision which is set into motion only by an order of the court. Since the order of the court itself was stayed, the statute did not apply for the period of such stay. Under the circumstances, the bringing of a petition in the present proceedings was premature, since the Rent Commission still had unexpired time within which to investigate and consider the matter before it. Nevertheless, we find it appropriate to comment that the Rent Commission should have proceeded with expedition, which it clearly had not. All concur except Frank and Valente, JJ., who concur in result in separate memorandums.

FRANK, J., concurs as follows: I concur in result. I do not believe that we reach the question of the statutory 90-day limitation period (State Residental Rent Law, § 8, subd. 4; L. 1946, ch. 274, as last amd. by L. 1957, ch. 755).

Under the rent regulations, an owner may proceed to obtain rent increases for capital improvements in two ways. He may make the improvements and then seek the increases or, he may seek a "prior advisory opinion" that the proposed improvement is a major capital one, pursuant to section 117 of the State Rent and Eviction Regulations. In the former, the landlord takes his chances that the work would entitle him to an increase; in the latter, he has the assurance that if the proposed work is done and at the estimated cost, the increase is virtually assured. In this case the landlord applied for a "prior advisory opinion". It was resisted by the tenants. The commission decided that the proposed work constituted a major capital improvement and that the landlord would be entitled to an increase when the work was completed. After the tenants' protest to the State Administrator was denied, they commenced an article 78 proceeding. On January 18, 1957, Special Term remanded the proceeding for further investigation by the commission. The tenants served a notice of appeal and obtained a stay in this court pending determination. The stay was vacated when the appeal was dismissed on April 9, 1957 (3 A D 2d 824).

\* In the interim, the owner completed the work and then made application for an increase.  \* A hearing was held on that application and consolidated with it was a hearing based upon Special Term's remand of the "prior advisory opinion."  \* Counsel for tenants was present but did not participate.  The position taken by the tenants was predicated upon the contention that the time for the Rent Commission to act on the remand had expired, pursuant to the statute hereinbefore cited.  That does not, however, justify or excuse the failure to participate in or oppose the landlord's application for an increase in rent based upon the completion of a major capital improvement.

\* The Administrator reaffirmed the remanded order in the section 117 proceeding.  \* He also granted the application of the landlord for an increase based upon the completion of a capital improvement.

Regardless of the statutory time limit, insofar as the section 117 proceeding is concerned, the proceeding for an increase of rent was timely.  \* The tenants failed to protest the granting of the rent increase by the local administrator and the time to do so has expired.  The tenants, instead, commenced a new article 78 proceeding in which Special Term (1) annulled the Administrator's order in the proceeding pursuant to section 117 and (2) denied the commission's cross motion to dismiss.  In doing so, Special Term was in error.

Since the work has been completed and an application for an increase processed and concluded, the proceeding under section 117 of the regulations for "a prior advisory opinion" has become moot.  The tenants in their failure to participate in the rent increase proceeding or to protest to the State Administrator, took a calculated risk, and cannot as indeed they do not, seek relief therefrom.

The order should be reversed and the proceeding dismissed.

VALENTE, J., concurs as follows: While I concur in the result, it seems to me that an equally substantial reason exists for holding that the 90-day period cannot be availed of by petitioners.  The commission was enjoined from proceeding to a reconsideration by a stay obtained by petitioners.  Therefore, petitioners are estopped by their conduct in securing the stay from claiming the benefits of the 90-day provision for the period during which the enforcement of the remand order was stayed, irrespective of whether as a matter of law the stay tolled the running of the 90 days.  With that period eliminated in calculating the permissible time within which the commission could act, the commencement of the instant proceeding was premature.  Present — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

---

\* The statements of fact following each asterisk are *dehors* the record but were conceded by the parties upon the argument of the appeal.