In the Matter of HARRIS SKLAIRE, Respondent, *v.* CHARLES W. ELDRIDGE, as Executor of JOHN B. TURNER, Deceased, Appellant.

Third Department, March 21, 1961.

*Orville R. Dunn* for appellant.

*William J. Quinlan* for respondent.

HERLIHY, J. Appeal by the executor from a decree allowing a claim in the estate for medical services alleged to have been rendered the decedent.

It is contended that allowing the claimant to testify to a personal transaction with the decedent was in violation of section 347 of the Civil Practice Act. That section, with certain exceptions not pertinent here, bars an interested party from testifying as to transactions with the decedent.

John B. Turner died leaving a last will which designated Charles W. Eldridge as executor and which will was admitted to probate on June 8, 1959. Shortly thereafter the claimant presented a bill to the estate for personal services rendered to the decedent as a doctor in the amount of $3,500. This was returned by the executor with the request for an itemized statement and thereafter a second or amended claim was presented which read in part " Constant medical care 24 months at $200.00 per month. $4,800.00 ".

Thereafter what purported to be a notice of rejection was served and which read as follows: " PLEASE TAKE NOTICE that the undersigned executor of the last will and testament of John B. Turner, the decedent above named, doubts the justice and validity of the claim in amount of $4,800.00 for ' 24 months of constant medical care ', presented by you on July 21, 1959, and does hereby therefore reject all thereof in excess of eight hundred ($800.00) dollars."

At the trial the claimant testified he kept no record of his services rendered to the decedent but he was permitted to testify, over objection, as to the services rendered for a period of two years prior to death and was also allowed to give his opinion of the reasonable value of the services. Two other doctors testified as to the value of the services rendered as being worth between $3,600 and $5,000. At the close of the testimony of the claimant, the attorney for the executor moved to dismiss the claim which was denied.

The executor testified as to the receipt of the claims and thereafter over objection was cross-examined by claimant's attorney during which he admitted he knew that the claimant had tended the decedent.

At the close of the testimony, motion was renewed to dismiss the claim and denied and the court made an award of $3,500.

The testimony of the doctor as a claimant was in violation of section 347 and mandates reversal. The cases and authorities, although old, are abundant in support of appellant. In Greenfield on Testimony Under Section 347, Civil Practice Act (§ 200, p. 287) it is stated: " Medical attendance necessarily involves a transaction with the patient, and a physician asserting a claim for such services is not permitted to testify that he attended the patient, since deceased, or to describe what he did professionally. He cannot testify as to the value of the services or that a certain statement of the account was delivered to the patient."

Richardson on Evidence ([8th ed.], § 418, p. 404) states: " In a physician's action for services rendered to a deceased person, the doctor is incompetent to testify to the visits made and to the treatment given."

As to the contention of the claimant that the estate " opened the door " when the executor testified as to the filing of the claims, we do not agree. The testimony was given after the close of the claimant's case for the sole purpose of establishing the filing of the claims, particularly the first one and that it was returned for clarification by way of itemizing the services rendered. The fact that the attorney for the claimant on cross-examination went into the treatment rendered to decedent cannot now be charged against the executor and he cannot use that testimony to help prove his case. Again referring to Richardson on Evidence (§ 419, p. 407) it was stated: " The cross-examination of the personal representative or survivor concerning a personal transaction with the deceased does not ' open the door ' to the adverse party to testify concerning the same transaction, as in such a case the personal representative or survivor is not ' examined in his own behalf ' within the meaning of the exception. Corning v. Walker, 100 N. Y. 547, 3 N. E. 290."

The claimant further argues that the form of rejection used by the executor was an admission of services rendered but a dispute as to the quantum or amount due and owing from the estate to the claimant and that it constituted a waiver of the protection afforded under section 347. While the form of the notice of rejection is unusual, we are not prepared to state that it was sufficient to overcome the prohibition of section 347. At best it might be considered an offer of settlement in the amount of $800, rejected by the claimant, but it certainly was not intended and furthermore could not open the door to a full review by the doctor of the services alleged to have been rendered and the value of such services. A considerable amount

of the testimony concerned itself with alleged services which were in a nonprofessional category. The fact that there were no records would seem to substantiate the nonprofessional character of the alleged services, leaving a fair inference that they were intended as a cumulative act of a Good Samaritan. The original claim of $3,500, thereafter increased to $4,800, causes us concern as to the accuracy of any such claim for a two-year period of medical treatment.

The law still remains that waiver of the prohibition of section 347 as to testimony of a personal transaction between a witness and the decedent can occur only on the trial of an action, or a hearing upon the merits of a special proceeding. (*Matter of Van Volkenburgh,* 254 N. Y. 139.) The prohibition does not extend to preliminary proceedings prior to the trial which in this case is the notice of rejection. The provisions of the section are not waived by such act of the executor when the matter is subsequently tried on the merits and, as here, proper and timely objections are interposed.

The decree should be reversed and a new trial ordered, with costs to abide the event.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decree reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.