■ In the Matter of FERDINANDO FUNARO, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant, and ANTOINETTE TANNEHILL, Intervenor.— Order, entered on December 13, 1960, annulling the determination of the State Rent Administrator issued September 14, 1960 granting an eviction certificate, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to respondent-appellant, and the petition dismissed, with $10 costs. The statutory provision with reference to the time for final action of the rent commission after the entry of the court's order of remand (Emergency Housing Rent Control Law, § 8, subd. 4; L. 1946, ch. 274 as amd.) is directory and not a Statute of Limitation. (*Matter of Kaplan* v. *Weaver*, 4 A D 2d 865; *Matter of Fonseca* v. *Herman*, 13 A D 2d 626.) In addition, the record affords a reasonable basis for the finding of the landlord's good faith and compelling necessity. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

■ FLORENCE M. BAKER et al., Respondents, v. PLAZMONT PHARMACY, INC., Appellant.— Judgment in favor of plaintiffs unanimously reversed, on the law and on the facts, the verdicts vacated, and a new trial granted, with costs to defendant-appellant, unless plaintiff Florence M. Baker stipulates to accept $15,000 in lieu of the award to her by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendant-appellant. In this personal injury action, it is evident that the jury verdict in favor of plaintiff Florence M. Baker is excessive in its award of damages, and that a verdict in excess of $15,000 is not warranted by the record. Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.