■ In the Matter of the Estate of KARNIG ANOOSHIAN, Deceased. RICHARD ANOOSHIAN, as Administrator of the Estate of KARNIG ANOOSHIAN, Deceased, Respondent; VARTAN ANOOSHIAN, Appellant.— Decree unanimously reversed, on the law and on the facts, without costs, and a new trial ordered. In this discovery proceeding the petitioner administrator obtained testimony from the appellant to establish that in January, 1957 the latter received from decedent approximately $6,800. This sum was deposited in a savings bank in the name of appellant in trust for decedent. In March, 1958, some nine months before the death of decedent, the balance of about $5,000 in that account was transferred to another account in the name of appellant or his wife. After having developed these facts the administrator successfully blocked the giving of any testimony by appellant upon cross-examination by the latter's attorney to prove further facts relating to the transaction between decedent and appellant. The Surrogate sustained all objections to this testimony upon the ground that it was violative of section 347 of the Civil Practice Act. These rulings were erroneous. "The petitioner had opened the lips of the witness and waived the benefit of the statute. * * * The spirit and the purpose

of the statute is equality and to prevent undue advantage \* \* \* and the petitioner could not force the witness to tell a part of the transaction and then prevent him from telling the whole." (*Matter of Berardini*, 238 App. Div. 433, 435, affd. 263 N. Y. 627.) · A new trial is required where all the proof may be evaluated and a determination made as to whether a valid gift *inter vivos* has been established (cf. *Matter of Kelly*, 285 N. Y. 139). Such a finding may not be made upon the present record. The testimony of the witness Arshag Anooshian relating to the giving of a bankbook by decedent to appellant did not establish such a gift. Concur — McNally, J. P., Stevens, Eager and Bastow, JJ.