In the Matter of the Estate of ROBERT S. WOOD, Deceased. NATHAN M. MEDWIN, as Executor of ROBERT S. WOOD, Deceased, Appellant-Respondent; FRANK H. PURZYCKI et al., Respondents; LEROY CHESEBRO et al., Respondents-Appellants.

Third Department, December 13, 1979

**APPEARANCES OF COUNSEL**

*Hinman, Straub, Pigors & Manning (Francis Bergan* of counsel), for appellant-respondent.

*John S. Bartlett, Jr. (Karl H. Schrade* of counsel), for respondent.

*Louis Carnevale (George H. Barber* of counsel), for respondents-appellants.

**OPINION OF THE COURT**

GREENBLOTT, J. P.

Decedent Robert S. Wood died on June 27, 1976 at St. Peter's Hospital in Albany, New York, following intermittent hospitalization since April 1, 1976 for a respiratory condition. In this proceeding, the executor of his last will and testament, a designated one-third residuary beneficiary thereof (the respondent Frank H. Purzycki and appellant LeRoy Chesebro being the other one-third residuary beneficiaries), sought recovery of certain assets of decedent's estate in the hands of the respondents. Upon a trial of issues framed by the Surrogate, the evidence centered on a history of various banking transactions among the Purzyckis, the Chesebros and the decedent.

The Purzyckis admitted that shortly before his death they came into possession of approximately $13,000 belonging to decedent, but they asserted that on April 1, 1976, they delivered the money to him in cash at the nursing home where he then resided. There was additional testimony of subsequent cash deliveries. The Chesebros assert that they came into possession of the money and other property as a result of a gift from the decedent.

The first question here presented is whether the testimony of respondents Purzycki in support of their position is "a personal transaction or communication" with the deceased, and whether it is "the same transaction or communication" upon which the executor was examined in his own behalf (CPLR 4519). The Surrogate concluded that the executor waived the protection of the Dead Man's Statute. He reasoned that when the executor produced evidence of the opening of the bank accounts and the withdrawals therefrom, he "opened the door" to the testimony by the respondents concerning what they did with the cash following the withdrawals. We agree.

The executor presented a direct case consisting of testimony reflecting a search for decedent's assets, and a check cashed by respondents from one of decedent's accounts. The executor did not introduce evidence on the issue of title to the bank accounts at trial nor did he prove any of the various transactions at trial because these facts were admitted by respondents. Had these facts not been admitted, the executor would have been forced to testify to these transactions with the decedent in order to establish a prima facie case. Accordingly,

the Surrogate correctly reasoned that the executor should not be allowed to show part of the transaction, and then prevent the respondents from explaining the remainder. (*Matter of Anooshian,* 13 AD2d 626.) We further conclude that the testimony of the respondent Purzycki was not incredible as a matter of law, but, rather, raised questions of credibility which the Surrogate could properly resolve in favor of respondents Purzycki.

For the same reasons, the appellants Chesebro should have been entitled to the same treatment as the Purzyckis. The executor waived the protection of the statute by introducing evidence of transactions with the decedent by the Chesebros. The "door was opened" and the Chesebros should have been permitted to testify to the entirety of the transactions.

The decree should, therefore, be modified by reversing so much thereof as granted the executor recovery of money and other property in the possession of the Chesebros, and the matter should be remitted to permit testimony by the Chesebros on the question of whether the decedent had made a gift of the money and other property.

The decree should be modified, on the law and the facts, by reversing so much thereof as grants relief sought by petitioner Medwin against appellants Chesebro, and the matter remitted to the Surrogate of Albany County for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.

KANE, J. (dissenting). In this proceeding by an executor to discover property withheld from an estate (SCPA 2103), the preliminary inquiry resulted in an order directing respondents to file an answer, and a further order was thereafter made framing issues for trial on the question of possession of certain assets allegedly belonging to the decedent (SCPA 2104).

In their answer, respondents Purzycki admitted that on April 1, 1976 they withdrew a large sum of money from five different bank accounts and that previously those funds had been the sole and exclusive property of Mr. Wood. However, they denied possession of said property at the time of his demise and, as an affirmative defense, alleged that prior thereto they had personally delivered all such moneys to the decedent. Except for statements that a diligent search had failed to locate or account for any of those assets, the proof offered by petitioner was purely documentary . in nature. It

tended to show the withdrawal of funds, the cashing of one of the proceed checks, and a visit to the safe-deposit box of respondent Therese Purzycki. Thus, the petitioner established a prima facie case. In response thereto, the respondents were permitted, over objection, to testify at length and in detail concerning all of the circumstances of their alleged delivery of the money to the decedent. The Surrogate concluded that CPLR 4519 was an equitable rule of evidence "to be applied where justice demands to protect a dead person and his estate and to equalize any testimonial imbalance." We cannot assign to the statute such an elastic purpose in order to find a waiver of its restrictions in this case.

Waiver occurs when the protected person testifies on his own behalf concerning a personal transaction with the deceased *(Martin v Hillen,* 142 NY 140). We do not view petitioner's evidence as involving any transaction with the decedent; it merely fulfilled his duty as executor to establish a claim to estate property and, quite plainly, was not founded on any contacts with Mr. Wood (see *Friese v Baird,* 36 AD2d 727; *Matter of Sklaire v Eldridge,* 12 AD2d 386). The account offered by the Purzyckis fell squarely within the prohibition of the statute, as the majority implicitly recognizes, for it depended on a recital of meetings with the deceased. Absent a waiver, it should have been excluded (see *Yodice v Reilly,* 36 AD2d 849). In detecting such a waiver, the majority relies on *Matter of Anooshian* (13 AD2d 626). However, the administrator in that proceeding did elicit testimonial evidence of personal dealings with the decedent, whereas here the executor's position was grounded on self-sufficient documentary proof. Consequently, it is apparent that the majority has erroneously converted speculation on what might have transpired but for respondent's answer into a positive assumption of fact to justify its unwarranted reliance on that decision.

Interestingly enough, it should be noted that when the Chesebros similarly alleged that the property belonging to the decedent which had come into their hands was received as a gift, the Surrogate rejected their "waiver" argument and applied the statute. Though we find it difficult to understand this inconsistency, we agree, of course, that there was no waiver as to the respondents Chesebro.

Although under our concept of a proper disposition of this matter we would not find it necessary to consider the testimony offered by the respondents Purzycki, we must comment

on the majority's observation that it was not incredible as a matter of law. In this regard, a careful examination of the record persuades us that the Purzyckis failed to establish a return of the bank proceeds to the decedent. The internal inconsistencies in their testimony of visits to the deceased; the version of events provided by a nursing home employee; the pertinent weather reports; and the times allotted for the numerous banking affairs—as compared with the nature of those transactions and the fact that decedent was transferred to a hospital on the same date—destroy the credibility needed to support the claimed return. Were we to consider merits of their proof, we would be compelled to find against them (cf. *Lucenti v Cayuga Apts.,* 59 AD2d 438, affd 48 NY2d 530). For all of the foregoing reasons, we would reverse that portion of the decree which denies relief sought by petitioner against the respondents Purzycki, and would remit the matter to the Surrogate for a determination of exact sums due to the estate.

MIKOLL and HERLIHY, JJ., concur with GREENBLOTT, J. P.; SWEENEY and KANE, JJ., dissent and vote to reverse in an opinion by KANE, J.

Decree modified, on the law and the facts, by reversing so much thereof as grants relief sought by petitioner Medwin against appellants Chesebro, and matter remitted to the Surrogate of Albany County for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.