OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by substituting for its declaration and dismissal the declaration that the New York City Rent Control Law is constitutional, and, as so modified, the order should be affirmed.
While we agree that plaintiffs have not rebutted the presumption of constitutionality, the consequence of that failure is that defendants are entitled to a declaration of constitutionality (Lanza v Wagner, 11 NY2d 317, 334).
Plaintiffs attack the New York City Rent Control Law on the grounds that there is no longer an emergency after 36 years, that as applied it is confiscatory, and that in any event there has been such a failure of administration of the law as to mandate its being declared unconstitutional. The need for rent control has been re-examined legislatively at intervals of three years, the most recent such review being the March 27, 1980 Report of the New York State Temporary Commission on Rental Housing, which concluded that "There is a need for *996 continuing a form of rent regulation in those jurisdictions in which housing accommodations are presently subject to rent control or rent stabilization.” Whether there is need for controls is a matter for legislative determination in the first instance. The presumption of a factual basis for that determination is not overcome by mere passage of time, nor have plaintiffs, whose affidavits concentrate on the effect of controls on property owners, presented evidence to demonstrate beyond a reasonable doubt that there is no factual basis.
On the question of unconstitutional taking it need only be noted that plaintiffs’ papers contain only generalized conclusions which, however persuasive in the forum of public opinion, do not establish that the property of any individual property owner has been "taken” or demonstrate, sufficiently to overcome the presumption of constitutionality, that rent control is the cause of what plaintiffs claim is the present plight of New York City landlords.
With respect to the claimed collapse in administration, we reject it without pausing to inquire whether or to what extent appellants might be able to demonstrate delays or breakdowns. We know of no authority, and appellants cite none, recognizing any proposition that proof of maladministration or nonadministration of a statute may serve as the predicate for a judicial declaration that the statute is unconstitutional. The role of the judiciary is to enforce statutes and to rule on challenges to their constitutionality either on their face or as applied in accordance with their provisions. Any problems that result from pervasive nonenforcement are political questions for the solution of which recourse would have to be had to the legislative or executive branches; the judiciary has neither the authority nor the capabilities for their resolution.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, with costs to defendants, in accordance with the memorandum herein, and, as so modified, affirmed.