■ In the Matter of 400 DELAWARE AVENUE PROPERTY COMPANY, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered September 27, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Division of Housing and Community Renewal regarding petitioner's request for a rent increase in rent-controlled housing.

Petitioner owns an apartment building in the City of Albany which has 46 units, some of which are subject to rent control. In March of 1982, petitioner applied to the local rent administration office for an 81.9% increase in the maximum rent allowable for the rent-controlled units. In October of 1982, the local rent administrator granted petitioner a 6.51% increase. Petitioner sought administrative review by respondent. When respondent failed to issue a decision within 90 days, petitioner, on March 4, 1983, commenced this CPLR article 78 proceeding. Soon after this proceeding was commenced, but before a decision was rendered, respondent issued its decision granting an increase of 15% retroactive to November 11, 1982. Special Term reviewed the latter determination and concluded that it was supported by a rational basis. Therefore, it dismissed the petition and petitioner appealed.

Initially, the parties dispute the issue of whether this proceeding was premature inasmuch as it was commenced before respondent issued its determination. Petitioner notes that the statute provides that if respondent does not act finally within 90 days after a protest is filed, the protest shall be deemed denied (Emergency Housing Rent Control Law, L 1946, ch 274, § 7, subd 4, as amd and renum). Respondent urges that this time limit is directory only and not mandatory and that, therefore, petitioner's commencement of an article 78 proceeding was premature. We disagree. Where a statute simply provides a time limit in which an agency is to act, such time limit is generally considered to be directory and not mandatory (see *Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816, 817-818 [interpreting time limits contained in section 297 of the Executive Law]). However, where the statute not only provides a time limit, but also a limitation on the authority of the agency

to act after the time period, the limit will be viewed as mandatory (*Matter of Brenner v Bruckman,* 253 App Div 607, 610, app dsmd 278 NY 503). In our view, the feature of the statute involved herein providing that failure to act on a protest within 90 days constitutes a denial is clearly indicative of the Legislature's intent that the time limit be mandatory.* Therefore, in the instant case, since respondent failed to act on petitioner's protest within 90 days, it must be deemed denied such that this proceeding was not prematurely commenced.

Turning to the merits, it is apparent that denial of the protest would have been patently improper since the local rent administration office calculated a rent increase which brought petitioner to the break-even point when petitioner was entitled to obtain a 7½% return on its investment. Thus, had respondent denied petitioner's protest on the merits, we would annul and remit the matter to respondent. This would be a waste of time and effort in the instant case since respondent did rule on the merits of the protest, albeit belatedly. Therefore, in the interest of judicial economy, we will, as Special Term did, review respondent's decision on the merits of petitioner's protest.

Since respondent's determination was made without a hearing, it will not be set aside unless it is arbitrary or capricious and lacks a rational basis (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). Here, a review of the record indicates that respondent's decision was based on an audit of petitioner's property. Based on the audit, respondent granted a rent increase which it calculated would give petitioner a 7½% return on its investment (see Emergency Housing Rent Control Law, L 1946, ch 274, § 4, subd 4, as amd and renum). The fact that petitioner would have used different formulations in the calculations does not render respondent's determination irrational.

Finally, the constitutional challenges to the rent control statute raised by petitioner have been rejected (see *Benson Realty Corp. v Beame,* 50 NY2d 994, app dsmd *sub nom. Benson Realty Corp. v Koch,* 449 US 1119; *Bucho Holding Co. v Temporary State Housing Rent Comm.,* 11 NY2d 469).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

---

* While we are aware that it has been held that a similar time period in the same statute is directory (*Matter of Fonseca v Herman,* 13 AD2d 626; *Matter of Funaro v Herman,* 13 AD2d 626), we decline to follow these holdings.