■ In the Matter of SAMUEL SHEPPARD, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered May 16, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to annul determinations of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility, was found guilty in separate disciplinary proceedings of violating certain institutional regulations. Petitioner appealed these dispositions to respondent Commissioner of Correctional Services on October 15, 1984. The dispositions were affirmed in separate decisions dated December 27, 1984. Petitioner commenced this CPLR article 78 proceeding challenging such decisions. Special Term dismissed the proceeding and this appeal by petitioner ensued.

The only issue raised on this appeal is that the decisions of the Commissioner were not timely according to his own Department's regulations. The regulation at issue provides: "Any inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he was a party, to the commissioner within 30 days of receipt of the disposition. The commissioner or his designee shall issue a decision within 60 days of receipt of the appeal" (7 NYCRR 254.8). A representative of the Department of Correctional Services acknowledged that the appeals were received on October 23, 1984 and that the regulation thereby required decisions by December 24, 1984. The decisions were actually issued on December 27, 1984. Respondents alleged in their answer that the decisions were made on December 21, 1984, but that a personnel shortage resulted in a delay in typing. Case law interpreting statutory time limits on the action of administrative agencies has distinguished between mandatory time limits and those which are merely directory (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 817-818; Matter of 400 Delaware Ave. Prop. Co. v State of New York Div. of Hous. & Community Renewal, 105 AD2d 1046). The same analysis should be applied to time limits imposed by regulations. Here, since the regulation simply provides for a time limit without any sort of limitation on action after the expiration thereof, such time limit must be construed as directory (Matter of 400 Delaware Ave. Prop. Co. v State of New York Div. of Hous. & Community Renewal, supra, pp 1046-1047) and the Department will be ousted of jurisdiction only where substantial prejudice is demonstrated (Matter of Sarkisian Bros. v State Div. of Human Rights, supra, p 818). Petitioner has failed to demonstrate that the three-day delay by the Department in issuing the decisions caused him substantial prejudice. Therefore, Special Term properly dismissed the proceeding.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.