In the Matter of 140 West 57th Street Corp., Appellant, v State Division of Housing and Community Renewal, Office of Rent Administration, Respondent, and John Morrin, Intervenor-Respondent.

First Department, June 30, 1987

## APPEARANCES OF COUNSEL

*William J. Eberight* of counsel *(Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C.,* attorneys), for appellant.

*Sheldon D. Melnitsky* of counsel *(Robert Hasher,* attorney), for respondent.

*Kent Karlsson* of counsel *(Karlsson & Ng, P. C.,* attorneys), for intervenor-respondent.

## OPINION OF THE COURT

SULLIVAN, J.

This appeal presents the issue of whether the State Division of Housing and Community Renewal (DHCR) is divested of its authority to review an order of the District Rent Administrator by virtue of its failure to comply with section 26-410 (d) (formerly § Y51-8.0 [d], recodified by L 1985, ch 907, § 1) of the Administrative Code of the City of New York, which sets a time limit for the adjudication of such reviews. Since we find, notwithstanding the 1984 amendment to section Y51-8.0 (d) (recodified as § 26-410 [d]), a continuing vitality in this court's 1961 holding, in *Matter of Fonseca v Herman* (13 AD2d 626), that such time limits are "directory and not a Statute of Limitation", we hold that DHCR retains jurisdiction.

Petitioner is the owner of the subject premises, known as 140 West 57th Street in New York City. DHCR is the agency responsible for the administration of rent control (Administrative Code § 26-410 *et seq.).* On November 8, 1984, the District Rent Administrator found that apartment 7FE of the subject premises was used exclusively for commercial purposes and was therefore exempt from rent control.

The tenant sought administrative review on or about December 10, 1984, and petitioner timely answered. Notwithstanding the 90-day time limit mandated by Administrative Code § 26-410 (d),[1] DHCR failed to take any action on the protest for over 15 months, neither requesting nor receiving

---

1. Section 26-410 (d), as amended, reads in pertinent part: "Any protest filed under this section shall be granted or denied by the city rent agency, or granted in part and the remainder of it denied, within a reasonable time after it is filed. If such agency does not act finally within a period of ninety days after the protest is filed, the protest shall be deemed to be denied. However, such agency may grant one extension not to exceed thirty days with the consent of the party filing such protest; any further extension may only be granted with the consent of all parties to the protest. No proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such protest unless such review has been sought and either (1) a determination thereon has been made or (2) the ninety-day period provided for determination of the protest (or any extension thereof) has expired."

an extension of time in which to issue its determination. Nor did the tenant ever commence a CPLR article 78 proceeding against DHCR to review the District Rent Administrator's order which was the subject of the protest. Pursuant to section 26-410 (d), a protest not acted upon within 90 days of its filing plus any statutory extensions of time is "deemed to [have been] denied."

On March 18, 1986, over one year after its time to issue a determination had expired, DHCR issued an order remanding the proceeding to the District Rent Administrator to determine whether sufficient residential use existed to bring the subject apartment within the coverage of the Rent Stabilization Law. Petitioner thereafter commenced this article 78 proceeding, seeking to have the order of remand annulled as untimely and therefore void. DHCR cross-moved to dismiss, claiming that the order of remand was an intermediate order not subject to judicial review. The court rejected petitioner's jurisdictional argument and, finding the proceeding to be premature, dismissed the petition without prejudice to renewal following a final determination by DHCR. This appeal followed. We affirm.

Prior to 1984, the administrative review systems under rent stabilization and rent control were significantly different. Under the old system, orders issued by DHCR's predecessor, the Conciliation and Appeals Board, were final and not subject to any further administrative review. Under rent control, however, a party aggrieved by an initial agency decision could file a "protest", the term for an administrative appeal under rent control. A party subsequently aggrieved by the agency's determination of the protest could thereafter seek judicial review in an article 78 proceeding. Also different were the time limits in which to commence an article 78 proceeding. Administrative Code, chapter 51, title Y (New York City Rent and Rehabilitation Law [rent control]) provided for a 30-day Statute of Limitations, while Administrative Code, chapter 51, title YY (Rent Stabilization Law) provided for a four-month statute. The 1984 amendments under Laws of 1984 (ch 102) created a uniform system of administrative review for both rent control and rent stabilization, and established a uniform 60-day Statute of Limitations.

Even more significantly, however, chapter 102 also imposed a specific limitation on the reviewing agency for the granting of an extension of time in which to issue a determination. Under the preexisting rent control law, there was no provision

for limiting extensions of time to act on a protest. Section Y51-8.0 (d) (recodified as § 26-410 [d]) was amended to add the following to the then existing provision deeming the protest denied if not determined with 90 days: "However, such agency may grant one extension not to exceed thirty days with the consent of the party filing such protest; any further extension may only be granted with the consent of all parties to the protest. No proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such protest unless such review has been sought and either (1) a determination thereon has been made or (2) the ninety-day period provided for determination of the protest (or any extension thereof) has expired." Chapter 102 incorporated the same provision into section YY51-6.0.5 (h) (recodified as § 26-516 [h]), the corresponding Rent Stabilization Law section.

Petitioner argues that the chapter 102 restrictions upon the agency's power to grant extensions of its time in which to determine a protest reflect a legislative intent not only to secure a uniform system of review and prevent undue delay, but also to provide a definite period of time within which the agency must act or forfeit jurisdiction over the matter. We disagree.

We find nothing in the history of the 1984 amendments reflective of any legislative design to strip the regulatory agency of its adjudicatory authority during the course of an ongoing proceeding, or to forfeit the rights of innocent third parties to administrative review by virtue of mere delay not attributable to them. Although representing a clear legislative effort to curtail delay in the disposition of administrative reviews of agency determinations in rent control and rent stabilization matters, these amendments were never intended to divest DHCR of its authority to act after the lapse of 90 days.[2] The regulations mirror this view. Nothing in the regulations deprives DHCR of jurisdiction if, after the lapse of 90 days, a party fails to move for judicial review pursuant to 9 NYCRR 2208.12 (replacing City Rent and Eviction Regulations § 102).

Prior to the enactment of the 1984 amendments, it had been consistently held that the 90-day time limit was "directory and not a Statute of Limitation." *(Matter of Fonseca v Her-*

---

2. The 90-day limitation is used here as a generic term. The statute and regulations also provide for certain extensions.

*man,* 13 AD2d 626, *supra; Matter of Funaro v Herman,* 13 AD2d 626; *Matter of Korniczky v Gabel,* 37 Misc 2d 349, *affd* 19 AD2d 590; *Matter of Kaplan v Weaver,* 4 AD2d 865.) In both *Fonseca* and *Funaro,* decided in 1961, the petitioners made the same argument as petitioner herein makes, i.e., that a determination by the respondent Rent Commissioner was a nullity because of the time directives contained in the rent control statute. In both cases, this court rejected that argument and upheld the Commissioner's determination. Had the Legislature in enacting the 1984 amendments wished to divest the reviewing agency of jurisdiction after the lapse of 90 days, it could easily have framed its intention in explicit language to that effect.

In general, the imposition of a limitation of time within which a tribunal is to act does not serve to oust it of jurisdiction to act after the expiration of that time. Absent a clear and distinct intention expressed to limit its power, the statutory time limitation will be considered as directory only. The rule was stated in Maxwell on the Interpretation of Statutes, which was quoted with approval in *People v Karr* (240 NY 348): "[T]he line between mandatory and directory statutes cannot be drawn with precision. General principles there may be. Perhaps as well as anywhere they are stated in Maxwell on the Interpretation of Statutes at page 649 et seq. 'It has been said that no rule can be laid down for determining whether the command is to be considered as a mere direction or instruction involving no invalidating consequence in its regard, or as imperative, with an implied nullification for disobedience, beyond the fundamental one that it depends upon the scope and object of the enactment. It may, perhaps, be found generally correct to say that nullification is the natural and usual consequence of disobedience; but the question is in the main governed by considerations of convenience and justice, and when that result would involve general inconvenience or injustice to innocent persons, or advantage to those guilty of the neglect, without promoting the real aim and object of the enactment, such an intention is not to be attributed to the Legislature. * * * Where the prescriptions of the statute relate to the performance of a public duty; and to invalidate acts done in neglect of them would work serious general inconvenience or injustice to persons who have no control over those intrusted with the duty, without promoting the essential aims of the Legislature, such prescriptions seem to be generally understood as mere instructions for the guid-

ance and government of those on whom the duty is imposed, or, in other words, as directory only. The neglect of them may be penal, indeed, but it does not affect the validity of the act done in disregard of them' " *(supra,* at 351-352).

The principle was followed in *Matter of Rochester Gas & Elec. Corp. v Maltbie* (272 App Div 162, 165-166, quoting *People v Allen,* 6 Wend 486, 487) in which it was stated, "The general rule being that where a public officer is required to perform an official act within a specified time it will be considered as directory only, 'unless the nature of the act to be performed, or the language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer.' " In addition to the absence of language indicating that the time limit was intended as a constraint on power, courts "look, as well, to the purpose of the statute for further clarification of the nature of the statute". *(Matter of Sullivan v Siebert,* 70 AD2d 975.) Thus, in deciding whether a statute's time limit is discretionary or mandatory, courts should look to all of the circumstances surrounding its enactment, use and purpose and the public policy to be promoted. (McKinney's Cons Laws of NY, Book 1, Statutes § 172, at 336.) The language or phraseology of the text is only one of the factors to be considered. *(Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754; McKinney's Cons Laws of NY, Book 1, Statutes § 171, at 334; *see also,* § 177, at 343 *et seq.)*

Here, the Legislature was interested in providing a party aggrieved by a District Rent Administrator's order with a mechanism for judicial intervention in instances where the reviewing agency, given its caseload, has failed to render a determination within 90 days. It was never intended to divest the reviewing agency of its power to redress administrative error mainly because it fails to act within the specified time. As another court has noted in considering the effect of a similar time limitation in the context of the Human Rights Law, "They were enacted for the benefit of the complainants, not those charged with violating the statute, and in the absence of substantial prejudice to the party charged, delay attributable solely to the administrative agency should not operate to foreclose relief to an innocent complainant who is not responsible for it." *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 40, *affd* 47 NY2d 789.)

Whatever the changes in administrative review effected by Laws of 1984 (ch 102), DHCR, which supported the amend-

ments, clearly viewed them, not as divesting it of jurisdiction in the event it failed to act within 90 days, but rather, as an aid in carrying out its responsibility under the Omnibus Housing Act of 1983 and in providing a remedy to those who, as aggrieved parties under rent stabilization, would have had immediate access to the judicial forum if there had not been any additional protest procedure. In pertinent part, the supporting memorandum noted:

"PURPOSE:

"To make necessary corrective amendments to Chapter 403 of the Laws of 1983, commonly known as the Omnibus Housing Act of 1983 * * *

"STATEMENT IN SUPPORT:

"*Administrative Review:* Both City and State rent control laws have always provided for administrative review (known in rent control as a 'protest') of an initial agency decision. Adoption of a similar procedure for rent stabilization would assure greater uniformity by allowing a central review of determinations made in field offices and would provide for parallel processing under the two systems * * * This amendment would permit uniform handling of the case. Undue delay is prevented by incorporating the provision presently in the rent control laws that the application for review is deemed denied—and the party can then go to court—if it is not acted on within 90 days." (1984 McKinney's Session Laws of NY, at 3137-3138.)

We are unable to discern in the memorandum any intention, express or implied, of allowing the agency to avoid its responsibility to decide administrative reviews by divesting it of jurisdiction as a result of its delay.

Rather than promoting greater uniformity and preventing undue delay, petitioner's construction of the statute would have the opposite effect. By automatically divesting the reviewing agency of jurisdiction, all inconsistent, initial agency determinations on the same issue would become final, without the opportunity for correction at the administrative level, and an additional burden would thereby needlessly be imposed on the judicial system. "[A]bsent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious." *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518.) Thus, the "deemed denial" of an administra-

tive appeal from an initial agency determination based merely on the passage of time, unrelated to any analysis of the particular facts of the case, and the application of pertinent law, necessarily offends the consistency of result which should be the hallmark of administrative review. In administrative, as well as judicial proceedings, " 'justice demands that cases with like antecedents should breed like consequences' " (supra, at 519).

Administrative agencies, with their ability to combine the legislative, executive and judicial function, possess a unique capacity to render highly specialized determinations. The blending of these functions is designed to foster the development of a coordinated, consistent and legally enforceable scheme of regulation, a goal which has traditionally been implemented by only permitting judicial review of final administrative determinations supported by a full statement of the underlying facts and some indication of the reasoning employed in arriving at the decision. The procedure for administrative review of an initial agency determination, as provided by the statutory scheme at issue, was designed to promote these goals. It allows the rent agency to review and, if necessary, to correct the initial administrative determination in light of its expertise and judgment. And, significantly, it relieves the courts of the burden of deciding questions primarily entrusted to an agency and discourages unnecessary litigation. (See, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57.)

Where an aggrieved party fails to obtain a determination of his protest within the 90 days and, thereafter, commences a judicial proceeding the court may, of course, review the initial agency determination or, where appropriate, fashion a remedy upon remand, such as a time limitation for issuance of a determination or a stay of some prejudicial action that might otherwise be taken by the agency, or a party, during the pendency of the administrative review. Remittitur to the reviewing agency in such circumstances does not render the "deemed denial" remedy useless or illusory.

In any event, however, petitioner is not seeking review of a protest "deemed denied". Rather, without any prior objection to the jurisdiction of DHCR having been even preserved, it seeks to annul an administrative determination of a protest solely on the basis of the passage of time. As already demonstrated, DHCR had the power to decide as it did. We are aware that the Third Department in Matter of 400 Del. Ave.

*Prop. Co. v State of New York Div. of Hous. & Community Renewal* (105 AD2d 1046) has interpreted the time limit contained in the statute at issue as mandatory and not directory. For the reasons already indicated, we decline to follow that holding.

Since DHCR remitted the matter to the District Rent Administrator for a determination as to whether the subject apartment is entitled to rent-stabilized status in light of the finding of decontrol, its order did not conclude the pending administrative proceedings or finally determine the rights of the parties. Absent a final administrative determination, an article 78 proceeding does not lie. (CPLR 7801 [1]; *Matter of Martin v Ambach,* 85 AD2d 869, *affd* 57 NY2d 1001; *see,* Administrative Code § 26-411 [a] [1]; [f].) Thus, the petition was properly dismissed.

Accordingly, the judgment of the Supreme Court, New York County (George Bundy Smith, J.), entered August 15, 1986, dismissing the article 78 petition as premature without prejudice to a renewal upon a final determination should be affirmed, without costs or disbursements.

MURPHY, P. J., SANDLER and ROSENBERGER, JJ., concur.

Judgment, Supreme Court, New York County, entered on August 15, 1986, unanimously affirmed, without costs and without disbursements.