46 N.Y.2d 1005 (1979)
In the Matter of the Civil Service Employees Association, Inc., Respondent-Appellant,
v.
Harold Newman et al., Constituting the Public Employment Relations Board, et al., Appellants-Respondents, and James B. Northrop, as Acting Director of the Governor's Office of Employee Relations of the State of New York, et al., Respondents.
Court of Appeals of the State of New York.
Argued March 20, 1979.
Decided March 27, 1979.
James W. Roemer, Jr., Marjorie E. Karowe, Richard L. Burstein, Michael J. Smith and William M. Wallens for respondent-appellant.
Martin L. Barr, Jerome Thier, Anthony Cagliostro and Richard A. Curreri for Public Employment Relations Board, appellant-respondent.
James R. Sandner, Jeffrey S. Karp, David N. Stein and Susan Bloom Jones for Public Employees Federation, appellant-respondent.
Robert Abrams, Attorney-General (Michael F. Colligan and Shirley Adelson Siegel of counsel), for respondents.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER and FUCHSBERG concur in Per Curiam opinion.
*1008 Per Curiam.
In this article 78 proceeding the Civil Service Employees Association (CSEA) challenges an order of the Public Employment Relations Board (PERB) which certified the Public Employees Federation (PEF) as the exclusive representative of State employees in the professional, scientific and technical services unit. With respect to most of the issues, the Appellate Division accepted PERB's determination that the objections raised by CSEA lacked merit. However a majority at the Appellate Division disapproved the method employed by the director of PERB for resolving and rejecting CSEA's claim that the election, at which PEF was chosen as the employees representative, was tainted by forgery. Thus the Appellate Division annulled PERB's determination and remitted for the limited purpose of conducting further proceedings on the forgery complaint. PERB and both unions have appealed from that determination.
The order of the Appellate Division should be modified and PERB's determination reinstated for the reasons stated in the opinion of Presiding Justice A. FRANKLIN MAHONEY at the Appellate Division. In addition we would note that the method selected by the director of PERB was reasonably designed to detect the only type of forgery which was alleged to have occurred in this case and no alternative method was proposed until after the selection of the method employed and the results were known. Thus in our view there is no basis whatsoever for concluding that the director acted arbitrarily and capriciously in choosing this method for resolving the forgery claim.
The other issues, raised by CSEA on the cross appeal, were properly resolved by the Appellate Division, and to that extent, the order of the Appellate Division should be affirmed.
Accordingly, the order of the Appellate Division should be modified, with costs to PERB and PEF against CSEA, to the extent of reinstating the determination of PERB and, as so modified, affirmed.
Order modified, with costs to PEF and PERB against CSEA, in accordance with the opinion herein and, as so modified, affirmed.