OPINION OF THE COURT
Aaron E. Klein, J.
This CPLR article 78 proceeding challenges a decision of the respondent, Gordon M. Ambach, the Commissioner of Education (hereinafter Commissioner) dated January 31, 1980. That decision determined an appeal by the respondent, Community School Board No. 8 of the City of New York (hereinafter Board) of a determination of a hearing panel appointed, pursuant to section 3020-a of the Education Law to hear *939 certain charges that were preferred against the petitioner by the Board.
Although the facts underlying the charges brought against the petitioner by the Board are of little significance to resolution of this proceeding, for the sake of continuity, they will be briefly recited.
The petitioner, a tenured teacher employed in New York City for the past 13 years, was absent on May 2 and 3, 1978. It is his actions regarding his accounting for those absences which formed the basis for the charges brought against him on January 24, 1979. He submitted to his principal a "medical certification” which bore a Doctor Silverman’s name and signature. However, it appears without question that the signature thereon was forged. Later, he was confronted by the principal with the discrepancy through a letter requesting further evidence of his medical treatment.
After a discussion with the principal, the petitioner on June 5 submitted another application to excuse his absences dated May 3 which indicated that "Juan D. Reyes, M.D.” had treated him.
Later, the petitioner was called into the principal’s office and questioned about the discrepancy in treating physicians. He asked the principal why he was being singled out, claiming other teachers routinely provided fake medical certificates justifying their absences. This meeting ended with the petitioner leaving the office, and taking both medical forms with him. He told the principal to charge him two days off without pay to resolve the matter. Despite the principal’s protest that the forms were school records and its property, the petitioner tore the forms in half, stuffed them in his pocket and left.
Subsequent to Board’s finding of probable cause, a section 3020-a of the Education Law proceeding was commenced against the petitioner with the three specifications filed.
The first specification charged the petitioner with submitting a false medical certificate, with the intent to deceive, together with an application for an excuse of absence for personal illness on May 31, 1978. The second contained a similar charge regarding the subsequent submission of a medical certificate on June 5, 1978. The last charged the petitioner with destroying the applications without authority and contrary to the principal’s instructions on June 5, 1978.
The three-member panel in its findings and recommenda *940 tians, stemming from the hearing held on May 3, 1979, dated July 16, 1979, concluded that the complainant (Board) had proved the first specification "by a preponderance of the credible evidence” (emphasis added) and the panel found that the complainant had failed to prove the last two specifications by a preponderance of the credible evidence.
The Board, pursuant to subdivision 5 of section 3020-a of the Education Law appealed the hearing panel’s finding to the Commissioner of Education rather than institute a special proceeding for a review of the findings under CPLR article 78. (See Education Law, § 3020-a, subd 5.)
In the appeal to the Commissioner, the Board contended the panel had erroneously applied the preponderance of evidence standard in evaluating the proof instead of whether there was substantial evidence to sustain the two charges dismissed by it. A claim was also made that the $250 fine imposed for the violation of the first specification was an insufficient penalty. The petitioner on the other hand argued that none of the three charges had been proven.
The Commissioner in his decision dated January 31, 1980, which is the object of this proceeding, found that the panel was incorrect in applying as a standard of proof for its findings the preponderance of the credible evidence. He went on to find, based on the record before the panel, that the third charge had been proved, and that the panel, since it had applied what the Commissioner believed was an erroneous standard in assessing the proof, should redetermine the second specification utilizing the substantial evidence standard. The matter was remanded to the panel for further proceedings.
Upon remand, although the panel disagreed with the Commissioner "that the quantum of proof necessary before the trier of facts is 'substantial evidence’ ”, it, in any event, concluded specification two was still not sustained, and the proper penalty to be imposed on the petitioner, not withstanding a finding of guilty on the third charge, was to remain a $250 fine.
This court concurs with the view taken by the panel that the same degree of proof is required before an administrative tribunal as is required in a judicial proceeding when a party is asserting the affirmative on an issue being tried. Simply stated, the proponent must prove its allegations by a preponderance of the credible evidence. (See 2 Am Jur 2d, Administrative Law, § 392; Matter of New Jersey Bell Tel. Co. v *941 Communications Workers of Amer., N. J. Traffic Div. No. 55, CIO, 5 NJ 354, 378; Bernstein v Real Estate Comm. of Maryland, 221 Md 221; cf. Matter of Strongin v Nyquist, 44 NY2d 943, 944.)
It must be borne in mind that this type of hearing can ultimately result in the dismissal of a tenured teacher from his or her job. It appears to this court that action of such a serious nature should at least require the tipping of the scale of justice in favor of the proponent of the accusation in order to sustain the charge before the triers of facts. While, understandably, it need only be necessary to satisfy an appellate authority that the findings of the trier of fact are supported in the record by substantial evidence in order to be upheld upon review (cf. CPLR 7803, subd 4), it would be shocking, indeed, if the complainant was merely required at the adjudicatory level, in order to prove its allegations before that body, to present substantial evidence in its favor, which would denote the complainant had proved its assertion.
The hearing panel, obviously, is charged with the duty and responsibility of determining the facts as opposed to reviewing a record to see if it contains substantial evidence in support of the Board’s determination that probable cause exists to invoke the procedures outlined in section 3020-a of the Education Law.
It has been said that section 3020-a serves as "a critical part of the system of contemporary protections that safeguard tenured teachers from official or bureaucratic caprice” (Matter of Abramovich v Board of Educ., 46 NY2d 450, 454; Ricca v Board of Educ., 47 NY2d 385, 391).
Without question administrative tribunals are less formal than court proceedings, and technical rules of evidence and procedure are often dispensed with. "Nevertheless, no essential element of a fair trial can be dispensed with unless waived.” (Matter of Hecht v Monaghan, 307 NY 461, 470.) If this court were to embrace the Commissioner’s interpretation of the requisite standard of proof, the statutory safeguard would be gravely eroded and the hearing before the triers of fact would lack a basic and elementary requisite of justice— that the party asserting the affirmative on an issue prove it by a preponderance of the credible evidence.
Of some moment is the contention by the Commissioner that the determination before this court was not final. However, due to the obvious finality of the Commissioner’s rever *942 sal of the Board on the third specification, and his finding of guilt thereon, coupled with the far-reaching effect of his interpretation of the standard of proof, compels the court to reject this argument.
The determination of the Commissioner is annulled since his interpretation fails to meet the standard of rationality, and the matter is remitted to the Commissioner for further proceedings consistent with this decision.
(Petitioner’s attorney to submit judgment in accordance herewith.)