■ In the Matter of ANDREW MARTIN, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Appellant, and COMMUNITY SCHOOL BOARD NO. 8 OF THE CITY OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered June 25, 1980 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Petitioner Martin is a tenured teacher who has been employed by Community School Board No. 8 of the City of New York (board) for upwards of 13 years. He failed to report for work on May 2 or 3 of 1978. For the reason that he had already been absent on 10 occasions during

that school year, school policy dictated that he provide a medical excuse if he was to be paid for those two days. On May 31, 1978, petitioner presented to the school principal an excusal for absence form prepared by petitioner'which, concededly, bore the forged signature of a Dr. Silverman. Upon noting a discrepancy or two, the principal sent a note to petitioner asking for an explanation in writing. After advising the principal that he would see the doctor on the following day and would straighten the matter out, petitioner, on June 5, 1978, submitted a different or second excusal form signed by another doctor. The principal summoned petitioner to his office. After an apparently heated exchange, the principal advised petitioner that he could not approve his excuse for absence. Petitioner asked for the two excusal forms and, contrary to the direction of the principal, tore them up, stuffed the pieces in his pocket and left the office. Sometime later, the board found probable cause to prefer charges against petitioner and, on April 16, 1979, three specifications were served upon him. The first specification charged petitioner with having submitted a false and fictitious medical certificate on May 31, 1978, while the second specification contained essentially the same charge as to the form submitted on June 5, 1978. The third specification charged petitioner with the wrongful destruction of the two excusal forms on June 5, 1978. Upon petitioner's request for a hearing, a panel was selected pursuant to section 3020-a (subd 3, par c) of the Education Law, and, after a hearing, the panel determined that Specification No. 1 was sustained by a preponderance of the credible evidence, but that Specification Nos. 2 and 3 were not. A fine of $250 was imposed. The board, in an appeal to the Commissioner of Education, argued primarily that the panel had applied an erroneous standard, that the standard which should have been applied was that of substantial evidence, and that the evidence adduced at the hearing supported a finding of guilt upon all three specifications. The commissioner agreed and reversed the panel's determination, remanding the matter to the panel for its reconsideration of the question of whether Specification No. 2 was supported by substantial evidence. He also directed the panel to impose a penalty as to Specification No. 3 which he found was sustained. Petitioner then commenced the instant proceeding. Special Term, upon finding, *inter alia,* that the commissioner's determination lacked rationality because substantial evidence was not the standard to be applied, annulled his determination and remitted the matter to the commissioner for further proceedings. The commissioner appealed and here contends, *inter alia,* that his decision was not final and so not within the purview of CPLR 7801. Consequently, it was not subject to review by Special Term. We agree.* In perfectly clear and unambiguous terms, CPLR 7801 (subd 1) provides that relief is not available to challenge a determination when the decision under attack is not final, in that it may be reviewed by a normal appeal, either to a court or administrative agency, or by a rehearing before the agency that ordered it. Embraced by this rule is the doctrine of exhaustion of administrative remedies which requires that if further administrative avenues or remedies are available to obtain the result, they must be pursued and completed unless such further pursuit reasonably appears to be futile. Special Term apparently concluded that the commissioner's reversal of the panel's finding as to Specification No. 3 and his enunciated standard of proof rendered any further administrative procedures futile so that a justiciable issue was presented, thereby permitting his review. It is true that, in spite of the

---

\* It should be noted that the hearing panel, pursuant to the commissioner's remand, has reconsidered and has rendered a decision which is in this record and has been referred to by the parties in their briefs. Insofar as our review is concerned, that decision and the comments concerning the same lack relevance and legal significance, are improperly included in the record, and, therefore, are accorded no consideration.

categorical language of CPLR 7801 (subd 1), many cases have been reviewed in patent violation of the rule and it has been written that the rule is precatory and a counsel of caution only (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:8, p 36). As such, it does not rigidly bind the courts, but rather beseeches and entreats them to avoid, whenever possible, unnecessary judicial intervention. This somewhat flexible approach stems, no doubt, from the fact that, upon occasion, a nonfinal order may result in irreparable damage which cannot be avoided without prompt judicial intervention. Upon those occasions, judicial review is both necessary and advisable. However, such an intrusion should be confined to those occasions and should be the exception rather than the rule, occurring only when necessary to avoid irreparable harm (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:8, p 36). Unquestionably, no irreparable injury occurred at bar as a result of the commissioner's determination. Since it provided for remand and is subject to further administrative review, the commissioner's determination cannot be said to have been final or to have rendered further administrative procedures futile. Accordingly, we find Special Term's review improvident and its judgment must be reversed. Judgment reversed, on the law, without costs, and petition dismissed. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur. [104 Misc 2d 938.]

