■ JOHN KRAEMER, Individually and as President of Public Employees Federation, Respondent, v WILLIAM L. MCGOWAN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered June 19, 1981 in Albany County, which denied a motion by defendants seeking to compel plaintiff Kraemer to answer certain questions propounded to him at an examination before trial and granted plaintiffs' motion for a protective order relative to a notice for discovery and inspection served by defendants. Plaintiffs commenced this action to recover damages for defamation based upon statements, both written and recorded, made by defendants during a dispute between plaintiff Public Employees Federation (PEF) and defendant Civil Service Employees Association, Inc. (CSEA) with regard to which of those two unions would represent approximately 45,000 public employees holding positions in the professional, scientific and technical areas of State government. At Special Term, defendants sought to compel plaintiff John Kraemer to respond to certain questions which had been addressed to him at an examination before trial, and plaintiffs moved for a protective order with regard to a notice for discovery and inspection of certain materials and information which had been served by defendants. Ultimately, the court granted plaintiffs their requested protective order and denied defendants' motion to compel responses, and defendants now appeal. The defamations alleged in plaintiffs' complaint consist of accusations of forgery of designation cards, fraud, and "no show" positions held by union officers, all made during the hotly contested campaign between PEF and CSEA. Defendants' answer pleads, *inter alia,* the affirmative defenses of truth, "fair" and "true" comment, qualified privilege, and reply to defamations by plaintiffs. In addition, under their general denials, defendants raise issues as to whether PEF has standing to bring this action and whether

two other unions are necessary parties. The record on appeal contains a transcript of an examination of plaintiff Kraemer in an earlier administrative proceeding which clearly establishes the existence of a bona fide issue with respect to this possible defense to the action. Since the information sought to be discovered through the EBT of Kraemer and the notice of discovery and inspection was either relevant to the foregoing issues or was reasonably calculated to lead to such relevant evidence, the items were subject to the general discovery defendants were seeking (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; Siegel, New York Practice, § 344, pp 421-422). The grounds invoked by plaintiffs to sustain Special Term's order restricting such discovery are legally insufficient for that purpose. The first ground, law of the case, relating to earlier unappealed orders of Mr. Justice Weiss striking portions of defendants' demand for a bill of particulars and denying defendants' motion for summary judgment, only applies to courts of co-ordinate jurisdiction, and not on appeal (*Di Fresco v Starin,* 81 AD2d 629, 630; *Jones v State of New York,* 79 AD2d 273, 275; *Wilson v McCarthy,* 53 AD2d 860, 861; *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140, 143). The second ground, that the requests for discovery lacked specificity and were unduly burdensome, would not apply at all to the questions put to plaintiff Kraemer on the EBT, and in any event was never ruled upon by Special Term, which decided the issue strictly as a matter of law on the basis of law of the case and collateral estoppel arising out of a prior litigation originated before the Public Employee Relations Board (PERB) concerning alleged forgeries of designation cards and other alleged misconduct of PEF (see *Matter of Civil Serv. Employees Assn. v Milowe,* 66 AD2d 38, mod *sub nom. Matter of Civil Serv. Employees Assn. v Newman,* 46 NY2d 1005). In our view, Special Term incorrectly invoked the doctrine of collateral estoppel to preclude discovery regarding defendants' affirmative defenses of truth and fair comment. Collateral estoppel only applies where there is an identity of issues and the party to be estopped was given a full and fair opportunity to litigate in the prior proceeding (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). The issue before PERB in the prior litigation was whether PEF's alleged forgeries "permeated the showing of interest by PEF to such a degree that the election result should be voided" (*Matter of Civil Serv. Employees Assn. v Milowe,* 66 AD2d 38, 48, *supra* [Mahoney, P. J., dissenting]). The issue on the appeal from PERB's determination was whether the methodology employed by PERB's executive director to investigate the allegations of misconduct had a rational basis (*id.,* at p 50). Quite obviously, the determination of those issues did not necessarily or conclusively establish that no fraud or forgery on the part of PEF took place, the issues presented under defendants' truth and fair comment defenses in the instant action. Moreover, since in the PERB proceeding defendants did not have the right to subpoena witnesses or documents or to cross-examine the PERB director's expert concerning his opinion on the forgeries, defendants lacked the opportunity fully and fairly to litigate such issues. Therefore, collateral estoppel should not have been applied (*Schwartz v Public Administrator of County of Bronx, supra; Silberman v Penn Gen. Agencies of N. Y.,* 63 AD2d 929; *W. L. Dev. Corp. v Thalgott,* 54 AD2d 901; *A.B. Mach. Works v Brissimitzakis,* 51 AD2d 915). For all of the foregoing reasons, the order of Special Term should be reversed. Since, as previously noted, Special Term never exercised its discretion on the merits of defendants' request for discovery, the matter should be remitted for such exercise of discretion. Order reversed, on the law, with costs, and matter remitted to Special Term for determinations on the merits of plaintiffs' motion for a protective order insofar as it claims defendants' demands for discovery are oppressive, burdensome and unreasonable, and of defendants' motion to compel plaintiff Kraemer's re-

sponses to questions propounded at an examination before trial. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.