■ In the Matter of CARLO MAIDA, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered July 30, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education which reinstated certain charges which had been filed against petitioner. This appeal involves the timeliness of certain charges filed against petitioner, a tenured teacher employed by the respondent Board of Education of the Community School District of the City of New York. On July 13, 1980, petitioner received a letter, written pursuant to section 2590-j (subd 7, par [c]) of the Education Law, from the Community Superintendent of City School District 32, stating that it was the superintendent's intention to file "charges together with specifications thereof with the Community School Board for a determination as to whether or not probable cause exists" to pursue the charges and that petitioner would be notified of the board's decision. The letter clearly stated that the charges were being brought "in view of your inability to maintain proper and effective order and control

over the children in your class and your use of corporal punishment as a means of disciplining children" and that the following charges were being preferred: "(1) Neglect of duty; (2) Conduct unbecoming your position and conduct prejudicial to the good order, efficiency and discipline of the service; (3) Violation of by-law 10.4 of the City Board; (4) Substantive cause that renders you unfit to perform your obligations properly to the service; and (5) Incompetent and inefficient service." The first of these charges is claimed by respondents to relate to acts occurring in February, 1980. The last four specifications and acts allegedly occurred after March 4, 1980. On June 19, 1980, probable cause was found to pursue the charges and on June 20, 1980 an envelope was mailed to petitioner on behalf of respondent board by certified mail, return receipt requested. The board maintained that this envelope contained the charges as well as a three-page document entitled "The Rights of Tenured School District Employees to a Hearing on Charges Provided by Section 3020-a Education Law" and a one-page "request for a hearing" form. Petitioner, on the other hand, claims that the envelope did not contain the charges when he received it. In any event, on June 24, 1980, petitioner filled out, signed and returned to the board the request for a hearing form, which read in pertinent part: "I, Carol Maida, hereby request a panel hearing on charges preferred against me which charges were specified in your notice of determination of probable cause dated June 20, 1980." On June 25, 1980, petitioner filled out and signed a form that indicated his selection of a panel member who agreed to represent him at the hearing. It was not until September 4, 1980 that petitioner informed the personnel director of the school district that the letter he admittedly received on June 23, 1980 did not contain the specifications of the charges against him. On the same day, petitioner was handed a copy of the charges and specifications. Prior to the hearing originally scheduled for January 7, 1981, petitioner's counsel moved before the hearing panel for dismissal of the charges based upon lack of jurisdiction because of the failure of timely service of the charges upon him. A hearing was held before the panel on this motion on January 13, 1981 and, by decision dated March 6, 1981, the panel granted petitioner's motion to dismiss for untimeliness under section 2590-j (subd 7, par [c]), which provides that, "No charges shall be brought more than six months after the occurrence of, the discovery thereof, or the date when discovery should have occurred upon the exercise of due diligence, of the alleged incompetency or misconduct except where the charge is of misconduct constituting a crime when committed". Respondent Commissioner of Education reversed the panel's decision on the ground that petitioner's signing of the hearing form on June 24, 1980 acknowledging receipt of the charges, as well as his selection of a panel member on June 25, 1980 to represent him at the hearing, estopped him from contesting the timeliness of the service of the charges. The commissioner further found that the last four specifications occurred after March 4, 1980 and, therefore, the charges were timely served when the petitioner admittedly received them on September 4, 1980. Therefore, the determination of the hearing panel was reversed and the matter remitted for further proceedings before the panel. Special Term agreed with the commissioner and dismissed the petition upon objections in point of law. We agree with Special Term. Timeliness is a statutory procedural requirement that at most affects personal jurisdiction. As such, it may be waived and the acknowledgement by petitioner on June 24, 1980 that he had received the specified charges misled respondent board at a time when the charges could have been timely re-served. Thus, as the commissioner decided, petitioner can reasonably be held to have been estopped from later claiming that the charges were not timely. Furthermore, no decision was made by the panel as to the last four charges, which allegedly occurred after March 4, 1980 and would be

timely accepting petitioner's acknowledged date of September 4, 1980 as the day of service thereof. Inasmuch as there has been no final administrative decision on the merits, the commissioner properly directed a remittal and Special Term properly dismissed the petition (*Matter of Martin v Ambach*, 85 AD2d 869). The judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.