■ In the Matter of STATE OF NEW YORK (INSURANCE DEPARTMENT LIQUIDATION BUREAU), Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants. (Proceeding No. 1.) In the Matter of STATE OF NEW YORK (GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS), Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants, et al., Respondent. (Proceeding No. 2.)—Main, J. P. Appeal, by permission, from an order of the Supreme Court at Special Term (Williams, J.), entered November 2, 1984 in Albany County, which, in consolidated proceedings pursuant to CPLR article 78, denied motions by respondents Public Employment Relations Board and Civil Service Employees Association, Inc., to dismiss the petitions as premature.

On July 7, 1982, the Civil Service Employees Association, Inc. (CSEA) applied to the Public Employment Relations Board (PERB), pursuant to Civil Service Law § 207, for certification as the bargaining representative of the employees of the State Insurance Department Liquidation Bureau (Bureau). Both the Bureau and the Governor's Office of Employee Relations (OER) opposed CSEA's application on the ground that the Bureau was not a "public employer" within the meaning of Civil Service Law § 201 (6) (a) and that PERB, thus, lacked

jurisdiction to entertain the application. CSEA had also filed an improper practice charge with PERB in connection with the Bureau's treatment of one of its employees.

On July 20, 1983, PERB's Director of Public Employment Practices and Representation (Director) rendered a decision concluding that the Bureau was not a "public employer" (Civil Service Law § 201 [6] [a]) and, as a result, was not under PERB's jurisdiction. Accordingly, CSEA's petitions for certification and improper practice charge were both dismissed.

On August 15, 1983, CSEA appealed the matter to PERB (4 NYCRR 201.12), which then reversed the decision of the Director, by order dated January 12, 1984, concluding that the Bureau was a "public employer" (Civil Service Law § 201 [6] [a]). As a result of this finding, both the representation status dispute and the improper practice charge were remanded by PERB to the Director for further proceedings.

Thereafter, the Bureau commenced proceeding No. 1 and OER commenced proceeding No. 2 challenging PERB's determination, and the proceedings were consolidated. PERB and CSEA both moved to dismiss the petitions in both proceedings on the ground that Civil Service Law § 213 (b) precluded judicial review of PERB's order until it issued an order of certificiation pursuant to Civil Service Law § 207. By order entered November 2, 1984, Special Term denied both motions. PERB and CSEA then moved for permission to appeal to this court. Special Term granted that motion.

The dispositive issue in this case is whether Civil Service Law § 213 (b) prohibits judicial review of PERB's determination that the Bureau was a "public employer" within the meaning of Civil Service Law § 201 (6) (a). We hold that it does. All orders of PERB rendered pursuant to Civil Service Law article 14 *except* those made under Civil Service Law § 207 (1) and (2) are reviewable under CPLR article 78 (Civil Service Law § 213 [a], [b]). Civil Service Law § 207 (1) relates to PERB's power to "define the appropriate employer-employee negotiating units"; Civil Service Law § 207 (2) concerns PERB's power to "ascertain the public employees' choice of employee organization as their representative". By virtue of Civil Service Law § 213 (b), then, judicial review is prohibited as to "any orders made by PERB or its agents until the order of certification is made" *(Matter of Civil Serv. Employees Assn. v Milowe,* 66 AD2d 38, 45, *mod on other grounds sub nom. Matter of Civil Serv. Employees Assn. v Newman,* 46 NY2d 1005). Thus, although we find attractive the alternative of concluding that judicial review is not precluded as to the

PERB order in issue since the immediate judicial determination thereof would finally determine the basic threshold issue of PERB's jurisdiction, we are statutorily constrained from choosing that alternative. Instead, we find that PERB's order may not be reviewed in a CPLR article 78 proceeding and that the proceedings must be dismissed *(see, Matter of Queens Borough Pub. Lib. v Public Employment Relations Bd.,* 83 AD2d 637).

Order reversed, on the law, without costs, motions granted and petitions dismissed. Main, J. P., Weiss and Levine, JJ., concur.

Casey and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent. Except for orders relating to its power to define the appropriate employer-employee negotiating units and ascertainment of the employees' choice of representative, orders of the Public Employment Relations Board (PERB) are deemed to be final and reviewable *(see,* Civil Service Law § 207 [1], [2]; § 213 [a]). The reason underlying these exceptions is that a review of such questions may be mooted by an election *(Matter of Civil Serv. Employees Assn. v Milowe,* 66 AD2d 38, 45, *mod on other grounds sub nom. Matter of Civil Serv. Employees Assn. v Newman,* 46 NY2d 1005). Here, PERB dealt only with whether the State Insurance Department Liquidation Bureau (Bureau) was a "public employer" as that term is defined in Civil Service Law § 201 (6). No determination was made relative to defining the negotiating unit or verifying the employees' choice of organization to represent them. Moreover, an election will not moot the issue of whether the Bureau is a "public employer".

As Special Term aptly observed, "[c]ommon sense and fairness require that petitioners be allowed to proceed with their Article 78 proceeding at this juncture, rather than incur the time and expense required in the certification process * * * which would not be required if the Bureau is subsequently deemed to be a non-public employer." *(See, Matter of Civil Serv. Employees Assn. v Helsby,* 31 AD2d 325, 329, *affd* 24 NY2d 993.) Accordingly, we would affirm Special Term's order.