In the Matter of INCORPORATED VILLAGE OF HEMPSTEAD, Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant, and HEMPSTEAD POLICE BENEVOLENT ASSOCIATION, Intervenor-Appellant.

Third Department, June 2, 1988

## APPEARANCES OF COUNSEL

*Martin L. Barr (Jerome Thier* of counsel), for appellant.

*Axelrod, Cornachio & Famighetti (Wayne Schaefer* and *Michael C. Axelrod* of counsel), for intervenor-appellant.

*Cullen & Dykman (Thomas B. Wassel, Gerard Fishberg* and *Nicholas C. Ferrara* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

In May 1985, petitioner preferred disciplinary charges against one of its police officers. Thereafter, in June 1985, petitioner's Board of Trustees (hereinafter the Board), acting pursuant to its authority under Civil Service Law § 75 (2), appointed a Hearing Officer to hear the case. This prompted the Hempstead Police Benevolent Association (hereinafter PBA) to file an improper practice charge with respondent alleging that petitioner violated Civil Service Law § 209-a (1) (d) by unilaterally changing disciplinary procedures. Specifically, the PBA alleged that petitioner's appointment of a Hearing Officer was in derogation of an established past practice under which the Board had itself conducted the hearings in all disciplinary cases. The Administrative Law Judge (hereinafter ALJ) sustained the charge following a hearing in which the parties stipulated to the facts in the record. In its review of the ALJ's decision, respondent concluded that if there was a past practice of not appointing Hearing Officers in disciplinary cases, then petitioner could not depart from such a practice without negotiation. Respondent, however, found that the stipulation of facts was unclear as to whether a past practice actually existed and it remanded the matter to the ALJ to take further evidence on this issue.

Petitioner then commenced this CPLR article 78 proceeding to review respondent's determination. Respondent moved to dismiss the proceeding on the ground that it was premature. Supreme Court refused to dismiss the proceeding and, at the same time, granted the PBA leave to intervene. Thereafter, Supreme Court granted petitioner's application to annul respondent's decision, concluding that, in the absence of modification under the collective bargaining agreement in effect, Civil Service Law § 75 (2) gave petitioner absolute discretion to choose the appropriate hearing procedure. The PBA and respondent appeal.

On appeal, respondent contends that the proceeding should have been dismissed since there has been no final administrative determination. We agree. Judicial review was initiated here prior to the resolution of the ultimate issue raised by the charge, i.e., whether petitioner was guilty of an improper employer practice based on its unilateral departure

from an alleged past practice of holding disciplinary hearings before the Board. The determination challenged in the instant proceeding was limited to a ruling that *if* such a past practice is established in a future hearing, petitioner was not free to change it without negotiation. In our view, this represents a classic nonfinal order which is not reviewable under CPLR 7801 (1) *(see, Matter of Martin v Ambach,* 85 AD2d 869, 870-871, *affd* 57 NY2d 1001; *see also,* Siegel, NY Prac § 558, at 779).

Where, as here, the present litigation would be rendered academic by a final determination that no past practice existed, policy favors dismissal of a CPLR article 78 proceeding as premature *(see, Matter of Samuel v Ortiz,* 105 AD2d 624, 626). Moreover, the ruling challenged by petitioner has no coercive impact whatsoever. Petitioner's only burden at this time is to proceed with a hearing to determine the relevant factual issues. The absence of any substantial impact on petitioner militates against CPLR article 78 review at this stage *(see, Matter of Edmead v McGuire,* 67 NY2d 714, 716; *Matter of Carville v Allen,* 13 AD2d 866, 867).

■ Petitioner, nonetheless, contends that the matter is ripe for review, citing Civil Service Law § 213 (a), which provides that: "Orders of [respondent] * * * shall be deemed to be final against all parties * * * unless reversed or modified in proceedings for enforcement or judicial review * * * Such orders shall be * * * reviewable under article seventy-eight of the civil practice law and rules upon petition filed * * * within thirty days after service * * * of a copy of such order." Although the language of this provision would superficially appear to dictate that every order of respondent be deemed a final order for purposes of CPLR article 78 review,[1] in our view, there is nothing to indicate that this statute was intended to modify the finality requirement contained in CPLR 7801 (1). The legislative history of the amendment which created Civil Service Law § 213 in its present form (L 1971, ch 503, § 13) evidences that it was intended to put the onus on the nonprevailing party in a dispute brought before respondent to promptly challenge the merits of respondent's determination by commencing a CPLR article 78 proceeding within 30 days, or else be foreclosed from challenging the merits of the

---

1. Narrow exceptions are, however, set forth in Civil Service Law § 213 (b) relating to interim determinations leading to final certification of an employee organization under Civil Service Law § 207.

order in a subsequent enforcement proceeding[2] *(see,* Governor's Bill Jacket, L 1971, ch 503, Report of Div of Budget, June 16, 1971; mem of NY State School Bds Assn, June 4, 1971; mem of Assn of Towns of State of NY, June 4, 1971; mem of County Officers Assn of State of NY, May 28, 1971; *see also, Matter of New York State Pub. Employment Relations Bd. v Board of Educ.,* 39 NY2d 86, 90-91). Moreover, nothing in the Bill Jacket indicates that Civil Service Law § 213 was intended to permit review of intermediate orders of respondent, akin to the Appellate Division's power to review nonfinal orders in civil actions *(see,* CPLR 5701 [a] [2]). This type of change should not be lightly inferred as it would be totally disruptive of orderly and expeditious administrative functions to permit challenges as of right to all interlocutory orders of respondent *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:8, at 37).

In our view, the case of *Matter of State of New York (Ins. Dept. Liquidation Bur.) v Public Employment Relations Bd.* (68 NY2d 695, *revg on dissenting mem below* 114 AD2d 734, 736), relied on by petitioner, does not dictate a contrary result. That case involved an appeal from a decision of respondent which found the petitioner to be a public employer for purposes of a representation proceeding under Civil Service Law § 207. A CPLR article 78 proceeding was commenced challenging respondent's decision, which was ultimately held to be reviewable as a final administrative determination. The reviewability of respondent's decision in that case was supported by the fact that the determination to be reviewed, the petitioner's status as a public employer, had been finally resolved and would not be mooted by further administrative proceedings. In addition, the decision had a significant impact on the petitioner, who was at that point impelled to " 'incur the time and expense required in the certification process * * * which would not be required if the [employer] is subsequently deemed to be a non-public employer' " *(Matter of State of New York [Ins. Dept. Liquidation Bur.] v Public Employment Relations Bd.,* 114 AD2d 734, 736 [dissenting mem], *revd on dissenting mem below* 68 NY2d 695, *supra).* As we have already discussed, in the matter presently before us the determination challenged has a minimal impact on petitioner and

---

**2.** Included in this legislation was the provision permitting the merits of an order to be challenged in an enforcement proceeding only if the proceeding was commenced prior to the expiration of the 30-day period (Civil Service Law § 213 [c], as added by L 1971, ch 503, § 13, eff July 1, 1971).

may be rendered moot by the resolution of factual issues. Hence, in our view, *Matter of State of New York (Ins. Dept. Liquidation Bur.) v Public Employment Relations Bd.* (68 NY2d 695, *supra)* is distinguishable from petitioner's case.

■ Based on the foregoing, we conclude that Supreme Court erred in not dismissing the petition. However, even if we were to reach the merits we would find that respondent's determination is not arbitrary and capricious. Neither side contests that disciplinary procedures, such as those at issue in this appeal, are a mandatory subject of collective bargaining *(see, Matter of Auburn Police Local 195 v Helsby,* 62 AD2d 12, 17, *affd* 46 NY2d 1034). In addition, it is permissible for negotiated disciplinary procedures to modify and/or supersede the specific provisions of Civil Service Law § 75 (2), which permits an employer to either hear disciplinary charges itself or designate an independent Hearing Officer to do so *(see, Matter of Marin v Benson,* 131 AD2d 100). It is also clear that substantive rights may arise not only through collective negotiations, but also through consistently followed past practices *(see, Matter of State of New York [Governor's Off. of Employee Relations] v New York State Pub. Employment Relations Bd.,* 91 AD2d 718). Furthermore, when such a past practice is shown to exist, the employer is not free to discontinue it without prior negotiation *(see, Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist. v New York State Pub. Employment Relations Bd.,* 82 AD2d 691, 693-694).

In the instant case, respondent ruled that petitioner's unilateral appointment of a Hearing Officer, if in derogation of a past practice of the Board hearing disciplinary charges, would constitute an improper employer practice. Petitioner contends that this determination is arbitrary and capricious in view of case law holding that a past practice cannot vary explicit statutory language *(see, Matter of Town of Shandaken v State Bd. of Equalization & Assessment,* 63 NY2d 442; *Doctors Council v New York City Employees' Retirement Sys.,* 127 AD2d 380; *Matter of Catapano v Goldstein,* 64 AD2d 88, *revd on dissenting opn below* 45 NY2d 810). In our view, however, these cases are inapposite as they do not address past practices which arise in the specialized context of public sector employment relations on matters which are the subject of mandatory collective bargaining.

Petitioner also contends that respondent's decision is arbitrary and capricious as it is inconsistent with a line of prior decisions of respondent *(see, Matter of Field Delivery Serv.*

*[Roberts]*, 66 NY2d 516). Examination of the decisions relied on by petitioner, however, discloses that these cases are distinguishable in that they involve the exercise of an option by the employer which was specifically provided for in the labor contract *(see, Matter of Suffolk County,* 19 PERB ¶ 4514; *Matter of City of White Plains,* 7 PERB ¶ 3031) or a change instituted by the employer which was held not to affect any term or condition of employment and, hence, was not subject to mandatory negotiation *(see, Matter of County of Nassau [Police Dept.],* 20 PERB ¶ 3040). Accordingly, if we were to reach the merits, Supreme Court's order would be reversed and respondent's determination confirmed.

KANE, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed as premature.