(May 16, 1991)

■ In the Matter of PLAZA REALTY INVESTORS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and S.L. SETHIA (U.S.A.) LTD., INC., Intervenor-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered May 18, 1990, which dismissed the petition seeking to annul a determination of respondent New York State Division of Housing and Community Renewal ("DHCR") dated June 13, 1989, which, *inter alia,* determined that petitioner had received sufficient notice of the pendency of a rent overcharge complaint and remitted the matter to the DHCR for a determination on the merits of the tenant's overcharge complaint, unanimously affirmed, without costs.

In June of 1984, the tenant filed a complaint of a rent overcharge with respondent DHCR. However, later that month, the DHCR sent the tenant a letter requesting that it wait to receive the landlord's mandatory rent registration

before refiling the "Rent Overcharge Complaint and/or Fair Market Rent Appeal." After receiving the rental history of the apartment from petitioner, the tenant filed a "Tenant's Objection to Rent/Services Registration" form with the DHCR. The tenant typed in the word "overcharge" in the space provided for a response to whether there was a pending open complaint with DHCR and also marked an "X" where the questionnaire asked if the tenant was bringing a "fair market rent appeal."

Petitioner responded to the tenant's complaint by stating that the tenant was not entitled to a fair market rent appeal because the building was never subject to rent control laws. The District Rent Administrator thereafter terminated the proceedings on this basis. However, the tenant then filed a separate rent overcharge complaint and initiated a petition for administrative review ("PAR") challenging the order of the Administrator. The Commissioner of DHCR granted the PAR to the extent of remitting the matter for further proceedings on the rent overcharge allegation.

Petitioner then commenced a CPLR article 78 proceeding to challenge the Commissioner's order. In 1988, the Supreme Court granted petitioner's application to the extent of remitting the matter to DHCR for a "redetermination, specifically stating its reasons for believing petitioner had actual or constructive notice of the pendency of the purported rent overcharge proceeding."

At the conclusion of a hearing on the issue, the Commissioner determined that petitioner had sufficient notice that the pending proceeding was an overcharge complaint. The matter was again remitted to the Administrator for further proceedings.

Petitioner then instituted a second article 78 petition challenging the order of the Commissioner. The Supreme Court denied petitioner's application to vacate the Commissioner's order, dismissed the petition and remitted the matter to DHCR for a determination on the merits of the tenant's overcharge complaint.

Since the agency has yet to render a final determination in this matter, judicial review is unavailable at this time (CPLR 7801 [1]; *Matter of Martin v Ambach*, 85 AD2d 869, *affd* 57 NY2d 1001; *Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 130 AD2d 237). Accordingly, the petition was properly dismissed. Concur —Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.