■ In the Matter of LIVINGSTON ASSOCIATES, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [632 NYS2d 219] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated May 4, 1993, which remitted the matter to the District Rent Administrator for further proceedings, the appeal is from a judgment of the Supreme Court, Kings County (Hutner, J.), dated January 31, 1994, which granted the petition and vacated the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is reinstated, the petition is denied, and the proceeding is dismissed.

The petitioner is the owner of a certain apartment building located in Brooklyn. In April 1967, the Division of Housing and Community Renewal (hereinafter the DHCR) issued a decontrol order for apartment 1 of the building based on owner

occupancy. In September 1989, after an administrative proceeding to review the rent status of the apartment in question, the DHCR's District Rent Administrator (hereinafter the DRA) determined that (1) the apartment was not subject to Rent Control based on the 1967 decontrol order, and (2) the premises was not a horizontal multiple dwelling and therefore not subject to the Rent Stabilization Code.

In a determination dated May 4, 1993, rendered upon the tenant's petition for administrative review (hereinafter the PAR), the DHCR found some evidence that (1) the 1967 decontrol order was obtained by fraud, and (2) the premises was a horizontal multiple dwelling. The DHCR therefore granted the PAR to the extent of remitting the matter to the DRA for further proceedings to determine whether the 1967 decontrol order was obtained by fraud and, if not, whether the premises was a horizontal multiple dwelling subject to the Rent Stabilization Code *(see,* 9 NYCRR parts 2520-2530). The Supreme Court granted the owner's petition pursuant to CPLR article 78 and vacated the DHCR's determination to remit the matter to the DRA.

We agree with the DHCR, however, that its determination of May 4, 1993, did not conclude the proceedings or finally determine the parties' rights. Absent a final administrative determination, judicial review is unavailable *(see,* CPLR 7801 [1]; *Matter of Plaza Realty Investors v New York State Div. of Hous. & Community Renewal,* 173 AD2d 290; *Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal,* 130 AD2d 237, 245). The Supreme Court therefore erred in granting the owner's petition to vacate the determination.

In light of our determination, we need not address the DHCR's remaining contentions. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.