■ In the Matter of SYRACUSE BRIGADIERS, INC., et al., Respondents, v RACING AND WAGERING BOARD OF STATE OF NEW YORK, Appellant, et al., Respondent. [715 NYS2d 177] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioners commenced this proceeding challenging the determination of respondent Racing and Wagering Board of the State of New York (Board) on their appeal from the denial of their applications for amendments to their bingo licenses by respondent City of Syracuse

(City) (*see,* General Municipal Law § 493). Because the Board remitted the matter to the City for further proceedings, the Board's determination is not final and judicial review pursuant to CPLR article 78 is not available (*see,* CPLR 7801 [1]; *Matter of Martin v Ambach,* 85 AD2d 869, 870, *affd* 57 NY2d 1001; *Matter of Livingston Assocs. v State of N. Y. Div. of Hous. & Community Renewal,* 220 AD2d 504, 505; *Matter of Incorporated Vil. of Hempstead v Public Empl. Relations Bd.,* 137 AD2d 378, 381, *lv denied* 72 NY2d 808). Supreme Court therefore should have dismissed the petition on that ground.

The court further erred in converting part of the proceeding to an action for a declaratory judgment and granting declaratory relief. A declaratory judgment action is not the appropriate vehicle to challenge the Board's determination (*see, Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 62 NY2d 763, 765; *Town of Fishkill v Royal Dutchess Props.,* 231 AD2d 511, 512; *DiMiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.,* 199 AD2d 875, *lv denied* 83 NY2d 756), and there was no need for declarations regarding petitioners' alleged entitlement to the requested license amendments (*see, Matter of Coleman v Wing,* 229 AD2d 1011, *lv denied* 89 NY2d 802; *Matter of Church v Wing,* 229 AD2d 1019, 1020). Finally, we reject petitioners' contention that the Board lacks standing to appeal from the judgment (*see,* 10 Carmody-Wait 2d, NY Prac §·70:115; *see also, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 266-267). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.