■ DAVID GILD et al., Appellants, v ANNE FRIED et al., Respondents. [748 NYS2d 736] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 13, 2001, which, inter alia, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

Plaintiff tenants' challenge in their first cause of action to major capital improvement rent increases initially approved by the State Division of Housing and Community Renewal (DHCR) but under reconsideration at the time of this action's commencement was premature (*see Matter of Plaza Realty Invs. v New York State Div. of Hous. & Community Renewal*, 173 AD2d 290, 291) and, in any event, procedurally improper in that it constitutes an unauthorized collateral attack on an administrative determination. If, after reconsideration, DHCR adheres to its determination permitting the major capital improvement increases to which plaintiffs object, plaintiffs may file a petition for administrative review (*see* 9 NYCRR 2529.2), and if their petition is denied they may then seek judicial relief, but only by means of a CPLR article 78 proceeding (*see* 9 NYCRR 2530.1).

Plaintiffs' second through eighth causes of action, seeking declaratory relief to the effect that the subject premises are affected by rent impairing violations, were properly dismissed

since, inter alia, there are no rent impairing violations of record pleaded and the court is not empowered to determine the existence of any new rent impairing violations (*see* Multiple Dwelling Law § 302-a).

We have considered plaintiffs' remaining arguments and find them unavailing, and have considered defendants' request for sanctions, but conclude that the criteria for their imposition (*see* 22 NYCRR 130-1.1 [c] [1]) have not been met. Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.