■ In the Matter of ARTHUR SMYLES et al., Appellants, v STATE OF NEW YORK et al., Respondents. [824 NYS2d 738]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Children and Family Services dated September 10,

2004, which remitted the petitioners' application to operate a child day care center to the New York State Office of Children and Family Services for further hearings. By order dated April 27, 2005 the Supreme Court, Nassau County (Bucaria, J.), inter alia, in effect, dismissed the branch of the petition alleging that the respondents improperly delegated discretionary authority to the Nassau County Department of Health, and, in effect, transferred the remainder of the proceeding to this Court. By decision and order on motion of this Court dated June 24, 2005 the notice of appeal from so much of the order dated April 27, 2005, as, in effect, dismissed the branch of the petition alleging that the respondents improperly delegated discretionary authority to the Nassau County Department of Health was treated as an application for leave to appeal from that part of the order and leave to appeal was granted.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Adjudged that the petition is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

We agree with the respondents that the determination of the respondent Commissioner of the New York State Office of Children and Family Services dated September 10, 2004 did not conclude the child day care center licensing proceedings or finally determine the parties' rights. Absent a final administrative determination, judicial review is unavailable (*see* CPLR 7801 [1]; *Matter of Crystal Pond Homes v Prior*, 267 AD2d 383, 384 [1999]; *Matter of Livingston Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 220 AD2d 504 [1995]; *Matter of Plaza Realty Invs. v New York State Div. of Hous. & Community Renewal*, 173 AD2d 290 [1991]).

Accordingly, the petition must be dismissed.

In light of our determination, we need not address the parties' remaining contentions. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.