■ In the Matter of Avi MAOR et al., Appellants, v TOWN OF RAMAPO PLANNING BOARD et al., Respondents. [843 NYS2d 163]—

In a proceeding pursuant to CPLR article 78, inter alia, to review Resolution No. 2005-122 of the respondent Town of Ramapo Town Board dated February 9, 2005, which authorized and directed the respondent Town of Ramapo Planning Board, in effect, to consider a subdivision application by the respondent Toll Brothers as an application for a "cluster development" (Town Law § 278 [1] [a]) subdivision, subject to certain conditions, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated January 18, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In May 2004 the respondent Toll Brothers submitted an ap-

plication for a proposed subdivision to the respondent Town of Ramapo Planning Board (hereinafter the Planning Board). The Planning Board held a series of meetings which culminated in a vote on November 9, 2004 to refer the matter to the respondent Town of Ramapo Town Board (hereinafter the Town Board) for authorization to consider the subdivision application as an application for a "cluster development" with a maximum permissible lot count of 51, the number of lots shown on the conventional subdivision plat submitted with the application. The Town Board held a public hearing and received comments from the community. On February 9, 2005 the Town Board enacted Resolution No. 2005-122, authorizing and directing the Planning Board, in effect, to consider the subdivision application as an application for a "cluster development" subdivision, subject to certain conditions, including a maximum of 51 lots.

The petitioners, owners of neighboring property and an environmental group, commenced this proceeding challenging both the Planning Board's determination to refer the matter to the Town Board and the Town Board's resolution, arguing that the determination and the resolution were contrary to law and arbitrary and capricious in that they were made without the benefit of review under Environmental Conservation Law article 8. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The challenged determinations were preliminary steps in the approval process for a "cluster development" subdivision and, as such, were not final determinations subject to judicial review (see Town Law § 278; Ramapo Code § 376-43; CPLR 7801 [1]; Matter of Smyles v State of New York, 35 AD3d 620, 621 [2006]; Ogden Citizens for Responsible Land Use v Planning Bd. of Town of Ogden, 224 AD2d 921 [1996]; cf. Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

In light of our determination, we need not address the parties' remaining contentions. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.